PER CURIAM.
This disciplinary proceeding by The Florida Bar against Sidney Kates, a member of The Florida Bar, is before us on complaint of The Florida Bar and report of the referee. No petition for review has been filed. Jurisdiction vests in this Court pursuant to article V, section 15, of the Florida Constitution.
The referee found that Mrs. Mary Bressler hired Kates in September of 1975 to probate the simple and uncluttered estate of her deceased husband. Mrs. Bres-sler was inexperienced in legal affairs and totally dependent upon Kates to protect her interests in this matter. Due to Kates’ neglect in advising and assisting Mrs. Bres-sler, she failed to perform her duties as executrix, resulting in her removal as personal representative and the loss of her fee for administering the estate. This neglect constituted a violation of Florida Bar Code of Professional Responsibility, Disciplinary Rules 6-101(A)(3) and 7-101(A)(2) and (3).
Moreover, the referee found that Kates failed to properly account for trust moneys by improperly commingling with his own funds $74.50 that Mrs. Bressler had provided for costs. Failure to keep trust account records also caused Kates to collect the $5.00 fee for the state certificate declaring the estate nontaxable from both Mrs. Bressler and the successor personal representative. These acts were in violation of Florida Bar Integration Rule, article XI, rule 11.02(4), and Florida Bar Code of Professional Responsibility, Disciplinary Rule 9-102(B)(3).
The referee recommended that Kates be found guilty of misconduct and suspended from the practice of law for a period of three months and one day and thereafter until he shall present proof of rehabilitation by showing that he has the facilities, ability, and inclination to supply his clients with quality legal services. Kates has previously been found guilty of professional misconduct [1] which resulted in a ninety-day suspension beginning June 30, 1978.
We have reviewed the record and agree with the referee’s findings and recommendation of guilt. Accordingly, Sidney Kates is hereby suspended from the practice of law, effective immediately, for a period of three months and one day and thereafter until he shall present proof of rehabilitation as described above. Costs are hereby as *949 sessed against Kates in the amount of $530.99.
It is so ordered.
ADKINS, Acting C. J., and OVERTON, ENGLAND, ALDERMAN and MCDONALD, JJ., concur.

. The Florida Bar v. Kates, 360 So.2d 776 (Fla. 1978). In that case, Kates agreed to represent a client in a small claims court action, yet failed to attend the pretrial or trial. The client prevailed without Kates.